Manly, J.
 

 The point upon which the case turns, is decided in that of
 
 Hinton
 
 v.
 
 Odenheimer, 4
 
 Jones’ Eq. Rep. 4ÜG.
 

 By a reference to the facts there stated, it will be found that it presents the case of a payment by a copartner, of a judgment against the firm, and an attempt to enforce its collection against the bail of the other partners, and the case is put upon the point, whether payment, under such circumstances, does not extinguish the judgment. It is there decided that it did, and that the judgment could not be kept alive by the in
 
 *218
 
 tervention of an assignment. The case now before ns, rests on the same ground, and must be decided in the same way.
 

 One joint principal or one co-surety, as against another, has no equity to be subrogated to the rights of the judgment creditor. This equity subsists only in favor of a surety against his principal. A joint principal, or a co-surety has an equitable right to contribution, but he has no such right to the use of the creditor’s judgment to force collection of the whole. The creditor may regard all as principals, (except so far as he is restrained by statute,) and collect tlie whole out of any one, but it would be iniquitous to confer upon the associate debtor the same power.
 

 We, therefore, hold that a payment, made by one who is a principal obligor, or by one copartner of a partnership debt, ás simply a payment.
 

 The ruling of the Court below, to this effect, is correct, and the judgment is affirmed.
 

 Per Curiam,
 

 Judgment affirmed.